The next case is the United States of America v. Curtis Solomon and Devon Chance and Jamar Lewis. Brenda Byrne is here for the appellates. Jay Yagoda is here for the United States. And when you're ready, Ms. Byrne, you may begin. Brenda Byrne Good morning, Your Honors. Brenda Byrne with the Federal Defender's Office on behalf of Curtis Solomon, and I'll be speaking on behalf of all three defendants this morning. In our response to the government's suggestion of lack of jurisdiction on Friday, we conceded that the government is correct, that the court is without jurisdiction as to Issue 1 under the Cody decision. I apologize, I was not aware of that decision when I wrote the brief. However, we strenuously dispute the government's argument that there is no jurisdiction as to Issue 2 under a long line of authority dating to the decision in Insigniaris, which is pretty uninterrupted until today. This is the three defendants, three appellants here, appealed from an amended criminal judgment, which is the key fact, which allows them to challenge the conviction as well as the amended sentence. They are in custody pursuant to that. So I'd like to address now the merits of our Issue 2, which is the challenge to the 924C convictions that were reimposed, the judgments that was reimposed. The government has conceded a crucial point here, and that is that the intervening decision of Taylor, which was decided after the notice of appeal was filed in this case, that the discussion... I'll just, I'll cut to the chase. Wiley, of course, was decided after Taylor, right? Yes. So how could aiding and abetting Hobbs Act robbery be a crime of violence, but Hobbs Act robbery itself would not be? The argument that was raised in Wiley was... Okay, I have two answers. First, the appellant in Wiley attempted to use a different portion of the Taylor decision than we do. And specifically Issue 3.1, we are relying on Issue 3.2 of Taylor. We're relying on the realistic probability discussion, which undercut St. Hubert. The appellant in Wiley attempted to use language saying where the court rejected the first of the government's three arguments, saying the government said if they intended all attempts to qualify, they would have said it, and the court said no. And the appellant in Wiley said, well, the same thing applies to aiding and abetting. And the court said, no, aiding and abetting is different than attempt. However, importantly, the appellant in Wiley never challenged the underlying premise that post-Taylor Hobbs Act robbery, completed Hobbs Act robbery, is not a crime of violence. So the appellant in Wiley did not make either of our two arguments here, which are one, Taylor abrogated the realistic probability analysis of St. Hubert, which the government has conceded, or two, that Mathis abrogated St. Fleur. Am I misreading N. Ray St. Fleur? Our decision in 2016, where we held that a Hobbs Act robbery, quote, clearly qualifies as a crime of violence under 924C's elements clause? No, you're not. You're not, Your Honor. That is what St. Fleur said. However, St. Fleur was rendered prior, three weeks actually, prior to the Supreme Court's decision in Mathis, in which the Supreme Court clarified the difference between means and elements, which is crucial to the categorical approach. Now, as I pointed out in my 28J letter, the word categorical, categorically, categorical approach is not used in St. Fleur. The court in that case assumed, perhaps, that every word in a disjunctively worded statute was an element. The court said, these are the elements. It tracked the elements of the statute. However, in Mathis, for the first time, the Supreme Court said, every word in a disjunctively worded statute is not an element. It may be a means. You need to look at case law, all sorts of things, to perform the divisibility analysis, and for the first time, clarified the difference between means, which are non-elemental facts. That analysis was not performed in St. Fleur. So St. Fleur did say what Your Honor quoted, but the court said that either on a misunderstanding of the categorical approach, or as the St. Fleur panel said in a later decision that I've provided as supplemental authority, they didn't believe, two judges at least of that panel, did not believe at the time that the categorical approach even applied to the elements clause of 924C. I mean, there were... So the one problem for you is that our prior panel precedent rule in the circuit says that the fact that a prior panel didn't consider an argument doesn't mean that that decision is not binding. But let's pretend that that wasn't the rule. Walk me through why you think under your approach, a Hobbs Act robbery is not a crime of violence. So you have to imagine, I guess, either... I don't know what the right metaphor is. A house of cards, a row of dominoes. Taylor undercuts the realistic probability analysis in St. Hubert. St. Hubert used... But tell me why it undercuts it, because Taylor was just about whether there was a reasonable likelihood of a substantial step toward... Right, but in order to get to the result in Taylor, the Supreme Court rejected the government's three arguments in opposition. Argument one is the argument made in Wiley, and argument three was the St. Hubert argument, that if you don't have a case to prove a realistic probability that anyone has ever prosecuted someone under this statute in an overbroad way, you cannot prove that this is a crime of violence. That was the assumption. And I argued St. Hubert, so I remember this. The assumption there, and the 11th Circuit panel said, we will follow the Second Circuit in Hill, which had used the same test from Duenas Alvarez, the realistic probability analysis. And that's why the result in St. Hubert was correct, because by the time the two judges on St. Fleur got to St. Hubert, I think it was clear that there was a problem, that the categorical approach was not applied in St. Fleur. But in Taylor, though, the realistic probability, as I understand, I think back to the argument, there are questions about whether the government could prosecute if someone had a fake gun made out of marshmallows in their pockets, and it was fantastical possibilities. But the court rejected that. There's still a question out there, perhaps, for ACCA and other statutes that are dealing with enhancements for state statutes. But I think that portion 3A of Taylor is very clear that we are not looking for empirical data. And the person that argued Taylor was Michael Dreeben. He had the most data of all prosecutions done by the U.S. government. And they said it doesn't matter if there was ever a prosecution, because the test is elements only. It's not, is it sometimes, is it often, is it an element? That means, does it have as an element the use of force? There is no match of the elements. And for federal predicates, for 924C, the realistic probability analysis is rejected. They squarely rejected that analysis in St. Hubert. So the whole categorical approach analysis used in St. Hubert to shore up St. Fleur has been wiped out. I'm looking at 3A right now, which is really about attempt versus completion of a crime. I'm not sure how that affects or undercuts our decisions on the completion of a crime, Hobbs Act robbery. Because that was the analysis. Clearly, the issue before the court in Taylor was attempt. I'm not pretending that the court went further than that and talked about completed Hobbs Act robbery. But the analysis that was rejected in Taylor, the prong number three of the government's argument, the realistic probability test, that was rejected. So after Taylor, when you go back to St. Hubert to look at how the court performed, the category, they're like, we're doing, we're going to do the categorical approach. Yeah, there's some problems with St. Hubert. So we're going to shore it up. And look, we reached the same result applying the realistic probability analysis that was applied in Hill. But now that was wrong. So now we're left with nothing except the government says St. Fleur, that's the relevant precedent. And I will say that, yes, the prior panel precedent rule in the circuit is very strict, but it was clarified, I believe, in Jackson and Penn and a line of cases starting then. And the court said that questions that may, and this is not novel, this comes from Webster v. Fall from the Supreme Court, a long line of Supreme Court authority, questions that merely lurk in the record that are neither raised nor ruled upon are not considered as having been so decided to categorical approach was not raised in St. Fleur. It was not considered. It was either misapplied or it was not considered. The panel later said, we do not believe in exactly those words. We do not believe the categorical approach is applicable to the elements clause. Thank you. Thank you. You've reserved some time for rebuttal. We'll hear from Mr. Yagoda. Good morning, and may it please the court, Jay Yagoda for the United States. I'll begin by stating that the defendants agree that there's no jurisdiction on point one. So Can you talk about the no jurisdiction has to count too? Of course, Your Honor. So as I think the important distinction here between the cases that the defendants cite in response to our suggestion of jurisdiction is that in all of those cases, Insignias, Magwood, Patterson, the issue in those cases is whether a habeas motion that was filed after an amended judgment was entered constitutes a new or successive motion. In our case, it's factually distinguishable because I agree, amended judgments were entered as a result of a successive 2255 process. But the defendants have not yet filed any type of 2255 after those amended judgments were entered. Instead, they filed notices of appeal and were here before this court. And respectfully, the defendants are in effect treating their brief as a new 2255 motion, which would be improper. Those cases do not stand for the appeal from an amended judgment that gets entered as a result of a successive 2255 to appeal any convictions that were never challenged in the 2255. Can I ask you just, it's a procedural question because I'm not sure that all defendants are procedurally alike. Because I think, is it Mr. Solomon who has a little bit of a different twist on his procedural history? So they all have a slightly different twist on their procedural history. And just to answer Your Honor's question to explain the difference between all three of them, in Solomon, what happened is Solomon and Chance, they filed 2255s. They got rejected by the district court. They went up to this court. And then ultimately, in this court affirmed, but ultimately, the US Supreme Court vacated Chance and Solomon's This court vacated count two. Actually, the court remanded to vacate count two, and it entered a limited remand for the court to simply vacate the conviction and sentence for count two and not leave any of the other counts, the sentences and convictions for the remaining counts unaffected. Those were not touched. Correct. Now, Chance is slightly different. The remand language said we are going to vacate count two, and we remand for resentencing consistent with this. And that's that's the thing. Solomon was not we did not send that back for resentencing. It was literally just to vacate count two. That's correct, Your Honor. And what reinforces that point is when when Solomon came back down from the US Supreme Court, this court issued an order in that case that asked the party for supplemental briefing. And part of the question that the court asked was about the remedy that the court should impose if it were to vacate count two of a multi count conviction case. And in response to that question, we filed a supplemental brief that advised the court that the court if if the court were going to vacate or reverse that we oppose a full resentencing because vacating just one count in this multi count complaint would have no effect on the remaining sentences for Mr. Solomon. And so the court agreed with our position and entered a very limited remand in Solomon. Chance's language is obviously a little different and broader. And then what about Lewis? So in Lewis's case, his path was slightly different. His twenty two fifty five on count two never got before this court. And so what happened when when Solomon and Chance got decided, the timing worked so that the government agreed with with defended chance to vacate count two. But again, even in that case, we opposed a full resentencing for the exact reason that we opposed a full resentencing in Solomon's case. That's a little different then. So because Solomon and Chance really are a successive while Lewis is not. I would I would disagree with that, Lewis's twenty two fifty five was also a successive motion that was filed after an initial twenty two fifty five that was filed years before. And so the process is the same. It's just the way the timing worked out. His case never got to this court here. It's not. It's here now. It's here now. But they're all they're all in the same posture in that regard, that their success of twenty two fifty fives at the end of that process. Once the district court consistent with what this court directed the district court to do, vacated count to the sentences and convictions for count two. And then the judge had the option to decide whether to do a correction under twenty two fifty five B or a full resentencing. The judge clearly from the record decided to do a correction and consistent with what this court ordered in Solomon. And that, in effect, allowed the judge to enter an amended judgment. But the amended judgment did not create another opportunity for the defendants to challenge every underlying count that they had not previously challenged. I don't dispute that under this court's precedent in in Senora's, the defendants perhaps could theoretically file a new twenty two fifty five to challenge underlying convictions, because indeed, amended judgments have been entered as a result of the success of twenty two fifty five process. But the defendants did not do that here. They filed this appeal instead, like I like I had said before. And even if they decided to do that now, to go back to the merits of the point, that was a substantial portion of the defendant's argument at the podium. First, I think if they filed the twenty two fifty five now, it would most likely be time barred. We haven't responded to an argument in that regard. But in any event, even if it wasn't time barred, the Wiley case was mentioned before. Wiley is dispositive of the point regarding whether Taylor opened the door for the defendants to rechallenge whether a Hobbs Act robbery constitutes a crime of violence, violence, predicate offense. And this panel respectfully would be bound by Wiley to determine that Tyler Taylor did not overrule or abrogate that precedent. And this so we would respectfully ask the court to conclude that it lacks jurisdiction on both points. But if the court were to conclude that it has jurisdiction to affirm. Thank you, counsel. It's been you've reserved some time for rebuttal. Your honors, I believe that the insignias line of cases, even though those cases were all dealing with. Appeals in twenty two fifty four or twenty two fifty five cases would apply here because it's the same question, what is the relevant judgment and where does that apply? And I'm not going to amend it. If there is an amended judgment under which the defendant is being held, then that includes the right to attack both the sentence and the convictions. I'll just mention the unpublished decision in Camacho, which the government included in its suggestion of lack of jurisdiction. I argued that the last paragraph in that case was was not accurate and that should not have been the resolution of finding of lack of jurisdiction. The court did not mention insignias or Magwood or any of those type of cases in Camacho. However, when the defendant, Mr. Camacho, filed an application to file a second or successive motion after the appeal was denied, the court said, oh, you're not in a second or successive posture. You're in a first posture because you have an amended criminal judgment. See insignias and Magwood. So I think that actually confirms that those cases do apply in a situation because the defendant in Camacho also appealed direct appeal from the amended criminal judgment. But if the court agrees with the government and finds no jurisdiction, certainly the appellants here would be able to file a first 2255 within a year of the resolution of this court attacking that on the basis that we have raised in issue two. It's a jurisdictional issue, which is a 2255 issue, even though it is a jurisdictional point that the court is supposed to address whenever it is raised before the mandate issues, which is how we raised it in our brief. It's not subject to plain error review. It's reviewable de novo. I will just distinguish there has been some case law about judgments, or not really amended judgments, but orders following 3582C2 motions or section 404 motions under the First Step Act, and there has been a distinction between a sentence modification from which you don't get a full direct appeal and a direct appeal from an amended criminal judgment under which the defendant has been recommitted to the custody of the Bureau of Prisons, which is what this appeal is. Just one final point on the prior panel precedent rule and Wiley. Again, Judge Grant, you asked, isn't this a new argument, and what are we talking about here? You can't read the prior panel precedent rule says that overlooked arguments doesn't matter. Those are overlooked arguments as to the same issues before an intervening precedent. The prior panel precedent rule incorporates the rule that where there is an intervening decision of the Supreme Court that abrogates prior precedent that's inconsistent with it. Another point, I just want to point out the difference between an issue and an argument, which is a key distinction under Jackson. In Jackson, this court explained that in the Smith case, which the government was relying on, the defendants, and that was actually my case, challenged the mens rea for a serious drug offense under the Armed Career Criminal Act. Mr. Jackson was challenging a different portion of the serious drug offense definition, the question of what schedules are considered in determining whether something is a controlled substance under the CSA. In the same way, that was a different issue attacking the same. We did not have a precedent contrary to Jackson on the exact issue that Jackson considered before. That's the difference. You're right, that is a difference, but the precedent, we have two precedents. We have St. Hubert and St. Fleur. The St. Hubert precedent, the government has conceded that that is no longer the relevant precedent on Hobbs Act robbery. They are riding on St. Hubert. St. Fleur was abrogated by the decision three weeks afterwards in Mathis that distinguished between means and elements. That is not an argument that was perceived, made to the panel in Wiley, or considered because it wasn't made. Under this idea in Jackson that assumptions are not holdings and issues that were not raised and properly made to the panel cannot be binding precedent, the two arguments that we are raising here, St. Hubert's realistic probability analysis was abrogated by Taylor, and St. Fleur's assumption that every word in a statute is an element was abrogated by Mathis. Because of those issues, both of which have to do with proper application of the categorical approach, this court is not bound either by St. Hubert or St. Fleur, both of which have been abrogated by intervening Supreme Court precedents which have clarified proper application of the that the convictions on 924C of all of the appellants should be vacated for lack of jurisdiction because completed Hobbs Act robbery pursuant to the plain terms of this circuit's pattern instruction are clear that the offense can be committed without violent or any force. Thank you.